IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD TAYLOR,

        Plaintiff,                    No. 2:12-cv-2901 JAM CKD PS

    vs.

FOWELL, DEPUTY #2358, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed an amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327.

/////

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Plaintiff has previously been advised of the requirements for pleading a cause of action under 42 U.S.C. § 1983, and more specifically, for stating a claim for violation of plaintiff's rights under the Eighth Amendment. In this case, plaintiff names as the sole defendant Deputy Fowell. There are no allegations linking this defendant to any alleged violations of plaintiff's civil rights. Moreover, plaintiff's allegations are insufficient to state a claim under section 1983 for violation of plaintiff's Eighth Amendment rights. Plaintiff alleges that he was injured on September 28, 2012 due to an assault by another inmate. Plaintiff does not allege that the assault was due to any actions on the part of defendant. Plaintiff complains that a chest x-ray was taken on October 1, 2012 and not read until October 4, 2012, at which time it was discovered plaintiff had suffered two broken ribs. A three day delay by medical personnel in reading a radiological study is not deliberate indifference. Plaintiff also complains that he was prescribed under "Miscellaneous Medical Needs" a lower tier and lower bunk but that such was not provided to him until October 9, 2012 after he filed a grievance. Assuming arguendo that an eight day delay constitutes deliberate indifference to serious medical needs, plaintiff fails to allege that defendant had any control over plaintiff's cell assignment. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (plaintiff must show personal involvement in alleged violations). In addition, although plaintiff alleges that he was ultimately diagnosed with pneumonia on November 25, 2012, plaintiff fails to allege that the delay in providing him with a lower tier and lower bunk led to further injury from his broken ribs. See Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging delay of medical treatment evinces deliberate indifference must show delay led to further injury).

Plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

1 | longer serves any function in the case. Therefore, in an amended complaint, as in an original
2 | complaint, each claim and the involvement of each defendant must be sufficiently alleged.
3 |       In accordance with the above, IT IS HEREBY ORDERED that:
4 |       1. Plaintiff's amended complaint is dismissed;
5 |       2. Plaintiff is granted thirty days from the date of service of this order to file a
6 | second amended complaint that complies with the requirements of the Federal Rules of Civil
7 | Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket
8 | number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file
9 | an original and two copies of the second amended complaint; failure to file a second amended
10 | complaint in accordance with this order will result in a recommendation that this action be
11 | dismissed.

 Dated: February 26, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
taylor2901.lta2